MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
DONATO ROSALES MEDINA, *individually*
*and on behalf of others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER** |
| 400 WEST 23RD STREET RESTAURANT | **29 U.S.C. § 216(b)** |
| CORP.  (D/B/A THE RAIL LINE DINER), | |
| TEDDY NICTAS , and ENRIQUE DOE , | **ECF Case** |
| *Defendants.* | |

--------------------------------------------------------X

Plaintiff Donato Rosales Medina ("Plaintiff Rosales" or "Mr. Rosales"), individually and

on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates,

P.C., upon his knowledge and belief, and as against 400 West 23rd Street Restaurant Corp. (d/b/a

The Rail Line Diner), ("Defendant Corporation"), Teddy Nictas and Enrique Doe, ("Individual

Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.       Plaintiff Rosales is a former employee of Defendants 400 West 23rd Street Restaurant

Corp. (d/b/a The Rail Line Diner), Teddy Nictas, and Enrique Doe.

2.        Defendants own, operate, or control a diner, located at 400 West 23rd St, New York,

NY 10001 under the name "The Rail Line Diner".

3.        Upon information and belief, individual Defendants Teddy Nictas and Enrique Doe,

serve or served as owners, managers, principals, or agents of Defendant Corporation and, through

this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.        Plaintiff Rosales was employed as a dishwasher and a delivery worker at the

restaurant located at 400 West 23rd St, New York, NY 10001.

5.    Plaintiff Rosales was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to dishwashing, taking out the garbage, peeling potatoes, and cleaning the counter, basement, boiler, and the dessert refrigerator (hereafter the "non-tipped duties").

6.    At all times relevant to this Complaint, Plaintiff Rosales worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7.    Rather, Defendants failed to pay Plaintiff Rosales appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.    Furthermore, Defendants repeatedly failed to pay Plaintiff Rosales wages on a timely basis.

9.    Defendants employed and accounted for Plaintiff Rosales as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.    Regardless, at all relevant times, Defendants paid Plaintiff Rosales at the lowered tip-credited rate.

11.    However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Rosales's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.    Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Rosales's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Rosales at the minimum wage rate and enabled them to pay him at the tip-credit rate.

13.    Defendants' conduct extended beyond Plaintiff Rosales to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rosales and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

15.     Plaintiff Rosales now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiff Rosales seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Rosales's state law claims under 28 U.S.C. § 1367(a).

18.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a diner  located in this district. Further, Plaintiff Rosales was employed by Defendants in this district.

## PARTIES

*Plaintiff*

19.     Plaintiff Donato Rosales Medina ("Plaintiff Rosales" or "Mr. Rosales") is an adult individual residing in New York County, New York.

- 3 -

20.     Plaintiff Rosales was employed by Defendants at The Rail Line Diner from approximately October 15, 2018 until on or about June 23, 2019.

21.     Plaintiff Rosales consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     At all relevant times, Defendants owned, operated, or controlled a diner, located at 400 West 23rd St, New York, NY 10001 under the name "The Rail Line Diner".

23.     Upon information and belief, 400 West 23rd Street Restaurant Corp. (d/b/a The Rail Line Diner) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 400 West 23rd St, New York, NY 10001.

24.     Defendant Teddy Nictas is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Teddy Nictas is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Teddy Nictas possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Rosales, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Enrique Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Enrique Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Enrique Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including

Plaintiff Rosales, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.     Defendants operate a diner located in the Chelsea neighborhood in New York City.

27.     Individual Defendants, Teddy Nictas and Enrique Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiff Rosales's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Rosales, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiff Rosales (and all similarly situated employees) and are Plaintiff Rosales's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff Rosales and/or similarly situated individuals.

32.     Upon information and belief, Individual Defendant Teddy Nictas operates Defendant Corporation as either an alter ego of  himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

        a)   failing to adhere to the corporate formalities necessary to operate Defendant
             Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

33.    At all relevant times, Defendants were Plaintiff Rosales's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Rosales, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Rosales's services.

34.    From 2018 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36.     Plaintiff Rosales is a former employee of Defendants who was employed as a dishwasher and ostensibly as a   delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

37.     Plaintiff Rosales seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).


*Plaintiff Donato Rosales Medina*

38.     Plaintiff Rosales was employed by Defendants from approximately October 15, 2018 until on or about June 23, 2019.

39.     Defendants employed Plaintiff Rosales as a dishwasher and ostensibly  as a a delivery worker.

40.     However, Plaintiff Rosales was also required to spend a significant portion of his work day performing the non-tipped duties described above.

41.     Although Plaintiff Rosales ostensibly was employed as a a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

42.     Plaintiff Rosales regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.     Plaintiff Rosales's work duties required neither discretion nor independent judgment.

44.     Throughout his employment with Defendants, Plaintiff Rosales regularly worked in excess of 40 hours per week.

45.     From approximately October 2018 until on or about January 2019, Plaintiff Rosales worked from approximately 5:00 p.m. until on or about 1:30 a.m., two days a week and from approximately 5:00 p.m. until on or about 2:20 a.m., three days a week (typically 45 hours per week).

46.     From approximately January 2019 until on or about June 23, 2019, Plaintiff Rosales worked  from  approximately  3:00  p.m.  until  on  or  about  12:20  a.m.,  two  days  a  week,  from

approximately 5:00 p.m. until on or about 2:20 a.m., on Thursdays, from approximately 6:00 p.m. until on or about 1:20 a.m., on Fridays, and from approximately 4:00 p.m. until on or about 12:00 a.m., on Sundays (typically 45 hours per week).

47.     Throughout his employment, Defendants paid Plaintiff Rosales his wages in cash.

48.     From approximately October 2018 until on or about January 2019, Defendants paid Plaintiff Rosales $8.65 per hour for the first 40 hours and $15.50 per hour for some of the hours he worked over 40 in a week.

49.     From approximately January 2019 until on or about June 23, 2019, Defendants paid Plaintiff Rosales $12.50 per hour for the first 40 hours and $22.73 for some of the hours he worked over 40 in a week.

50.     For approximately one week in 2018, Defendants did not pay Plaintiff Rosales any wages for his work.

51.     Plaintiff Rosales's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

52.     For example, Defendants required Plaintiff Rosales to work an additional 20 to 30 minutes past his scheduled departure time every day, and did not pay him for the additional time he worked.

53.     In addition, , Defendants deducted $a range from 8.00 to $14.00 from Plaintiff Rosales's weekly paycheck for meals he never ate.

54.     Plaintiff Rosales was never notified by Defendants that his tips were being included as an offset for wages.

55.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Rosales's wages.

56.    Although Plaintiff Rosales was required to keep track of his time, Defendants, through the manager, recorded fewer hours than Plaintiff Rosales actually worked. As a result, Plaintiff Rosales was not compensated for all of the hours that he worked.

57.    In order to get paid, Plaintiff Rosales was required to sign a document in which Defendants misrepresented the hours that he worked per week.

58.    Defendants took improper and illegal deductions from Plaintiff Rosales's wages; specifically, Defendants deducted $20 from Plaintiff's weekly wages for errors out of his control within the food orders.

59.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Rosales regarding overtime and wages under the FLSA and NYLL.

60.    Defendants did not provide Plaintiff Rosales an accurate statement of wages, as required by NYLL 195(3).

61.    In fact, Defendants adjusted Plaintiff Rosales's paystubs so that they reflected inaccurate wages and hours worked.

62.    Defendants did not give any notice to Plaintiff Rosales, in English and in Spanish (Plaintiff Rosales's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

63.    Defendants required Plaintiff Rosales to purchase "tools of the trade" with his own funds—including vest, a U lock, and bicycle maintenance.

*Defendants' General Employment Practices*

64.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Rosales (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

65.    Plaintiff Rosales was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

66.    Defendants' pay practices resulted in Plaintiff Rosales not receiving payment for all his hours worked, and resulted in Plaintiff Rosales's effective rate of pay falling below the required minimum wage rate.

67.    Defendants habitually required Plaintiff Rosales to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

68.    Defendants required Plaintiff Rosales and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

69.    Plaintiff Rosales and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

70.    Plaintiff Rosales's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

71.    Plaintiff Rosales and all other tipped workers were paid at the lowered tip-credit rate by Defendants.

72.    However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Rosales's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

73.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal

regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

74.     In violation of federal and state law as codified above, Defendants classified Plaintiff Rosales and other tipped workers as tipped employees, and paid them at the lowered tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

75.     Defendants failed to inform Plaintiff Rosales who received tips that Defendants intended to take a deduction against Plaintiff Rosales's earned wages for tip income, as required by the NYLL before any deduction may be taken.

76.     Defendants failed to inform Plaintiff Rosales who received tips, that his tips were being credited towards the payment of the minimum wage.

77.     Defendants failed to maintain a record of tips earned by Plaintiff Rosales who worked as a delivery worker for the tips he received. Defendants' time keeping system did not reflect the actual hours that Plaintiff Rosales worked.

78.     Defendants required Plaintiff Rosales to sign a document that reflected inaccurate or false hours worked.

79.     Defendants paid Plaintiff Rosales his wages in cash.

80.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

81.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Rosales (and similarly situated individuals) worked, and to avoid paying Plaintiff Rosales properly for his full hours worked.

82.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

83.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Rosales and other similarly situated former workers.

84.     Defendants failed to provide Plaintiff Rosales and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

85.     Defendants failed to provide Plaintiff Rosales and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

86.      Plaintiff Rosales brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or

were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

87.     At all relevant times, Plaintiff Rosales and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA under the FLSA.

88.     The claims of Plaintiff Rosales stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

89.     Plaintiff Rosales repeats and realleges all paragraphs above as though fully set forth herein.

90.     At all times relevant to this action, Defendants were Plaintiff Rosales's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Rosales (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

91.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

92.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

93.     Defendants failed to pay Plaintiff Rosales (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

94.     Defendants' failure to pay Plaintiff Rosales (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

95.     Plaintiff Rosales (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

96.     Plaintiff Rosales repeats and realleges all paragraphs above as though fully set forth herein.

97.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Rosales (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

98.     Defendants' failure to pay Plaintiff Rosales (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

99.     Plaintiff Rosales (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

100.     Plaintiff Rosales repeats and realleges all paragraphs above as though fully set forth herein.

101.     At all times relevant to this action, Defendants were Plaintiff Rosales's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Rosales, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

102.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Rosales less than the minimum wage.

103.    Defendants' failure to pay Plaintiff Rosales the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

104.    Plaintiff Rosales was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

105.    Plaintiff Rosales repeats and realleges all paragraphs above as though fully set forth herein.

106.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Rosales  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

107.    Defendants' failure to pay Plaintiff Rosales overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

108.    Plaintiff Rosales was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

109.    Plaintiff Rosales repeats and realleges all paragraphs above as though fully set forth herein.

110.    Defendants failed to provide Plaintiff Rosales with a written notice, in English and in Spanish (Plaintiff Rosales's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by

the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

111.     Defendants are liable to Plaintiff Rosales in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

112.     Plaintiff Rosales repeats and realleges all paragraphs above as though fully set forth herein.

113.     With each payment of wages, Defendants failed to provide Plaintiff Rosales with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

114.     Defendants are liable to Plaintiff Rosales in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

115.     Plaintiff Rosales repeats and realleges all paragraphs above as though fully set forth herein.

116.     Defendants required Plaintiff Rosales to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his

job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

117.    Plaintiff Rosales was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

118.    Plaintiff Rosales repeats and realleges all paragraphs above as though fully set forth herein.

119.    At all relevant times, Defendants were Plaintiff Rosales's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

120.    Defendants made unlawful deductions from Plaintiff Rosales's wages including, but not limited to, deductions for meals he never ate and for any errors within the food orders.

121.    The deductions made from Plaintiff Rosales's wages were not authorized or required by law.

122.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Rosales's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

123.    Plaintiff Rosales was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION
### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

124.    Plaintiff Rosales repeats and realleges all paragraphs above as though set forth fully herein.

125.    Defendants did not pay Plaintiff Rosales on a regular weekly basis, in violation of NYLL §191.

126.    Defendants are liable to Plaintiff Rosales in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rosales respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rosales and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Rosales and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Rosales's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Rosales and the FLSA Class members;

(f)    Awarding Plaintiff Rosales and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff Rosales and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rosales;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Rosales;

(j)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Rosales's compensation, hours, wages and any deductions or credits taken against wages;

(k)      Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Rosales;

(l)      Awarding Plaintiff Rosales damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)      Awarding Plaintiff Rosales damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)      Awarding Plaintiff Rosales liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)      Awarding Plaintiff Rosales and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)       Awarding Plaintiff Rosales and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Rosales demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York
        July 15, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
        Michael Faillace [MF-8436]
        60 East 42nd Street, Suite 4510
        New York, New York 10165
        Telephone: (212) 317-1200
        Facsimile: (212) 317-1620
        *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 8, 2019

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                 Donato  Rosales  Medina

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:              8 de julio 2019

*Certified as a minority-owned business in the State of New York*